FILED'10 DEC 29 10:30usdc-ore

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM HOFFMAN and DARLENE                    Civ. No. 09-204-AA
HOFFMAN,                                        OPINION AND ORDER

       Plaintiffs,

    v.

JEFFERSON COUNTY, a municipal
corporation of the State of
Oregon, BILL BELLAMY, JOHN
HATFIELD, and JOHN DOES 1-10,
in their individual and
official capacities,

       Defendants.

_____

Aiken, Chief Judge:

    Plaintiffs William and Darlene Hoffman brought suit against

defendants Jefferson County, Bill Bellamy, John Hatfield and John

Does 1-10 (the County defendants) alleging violations of their

rights to substantive due process, procedural due process and equal

protection under the Fourteenth Amendment, unreasonable seizure in

violation of the Fourth Amendment, unlawful taking in violation of

the Fifth and Fourteenth Amendments, inverse condemnation, and

1   - OPINION AND ORDER

breach of contract.  Plaintiffs' claims arise from the passage and
implementation of Or. Rev. Stat. § 195.300 (Measure 49), and the
County defendants' subsequent failure to honor land use waivers
granted to plaintiffs under *former* Or. Rev. Stat. § 197.352 (2005)
(Measure 37).

   The State of Oregon by and through the Department of Land
Conservation and Development (the State) intervened without
opposition on plaintiffs' unlawful seizure, taking, inverse
condemnation, and breach of contract claims to refute plaintiffs'
contention that waivers granted under Measure 37 create contractual
obligations and property interests deserving of certain
constitutional protections.  The State now moves for summary
judgment on these claims, the County defendants move for summary
judgment on all claims, and plaintiffs move for partial summary
judgment.

<u>BACKGROUND</u>

   Measure 37, passed by Oregon voters in 2004, entitled certain
qualifying landowners to monetary compensation if the landowners
could show that applicable land use regulations diminished the
market value of their property.  <u>See</u> Or. Rev. Stat. § 197.352
(2005) (amended 2007).  In lieu of monetary compensation,
governmental entities could modify, remove, or amend existing
regulations by issuing "waivers" from land use restrictions.  <u>Id.</u>
§ 197.352(8) (2005).

2   - OPINION AND ORDER

On April 4, 2005, plaintiffs submitted a written demand for compensation to Jefferson County for the alleged diminishment in market value of their property resulting from land use regulations prohibiting lots in excess of 80 acres and limiting residential construction.  The County found the claim valid and, pursuant to Measure 37, chose to issue plaintiffs a waiver from land use regulations rather than provide monetary compensation.  Plaintiffs submitted a similar claim to the State, and the State found the claim valid and waived provisions of a statewide planning goal. Based on these Measure 37 waivers, plaintiffs planned to develop a 60-lot residential subdivision on their property.

In 2007, plaintiffs applied to the County to develop the proposed subdivision.  After requests for further information, the County deemed plaintiffs' application complete on October 8, 2007.

Approximately one month later on November 6, 2007, Oregon voters passed Measure 49, which replaced the procedures and benefits previously available under Measure 37 and limited the relief that could be granted to landowners.  Or. Rev. Stat. §§ 195.300 et seq.; Cyrus v. Bd. of County Comm'rs of Deschutes Co., 226 Or. App. 1, 4, 202 P.3d 274 (2009).  In effect, Measure 49 forbid local governmental entities from permitting commercial and residential development that was made possible solely because of a Measure 37 waiver.  "In fact, Measure 49 by its terms deprives Measure 37 waivers - all orders disposing of Measure 37 claims - of

3    - OPINION AND ORDER

any continuing viability, with a single [vested rights] exception."
Corey v. Dep't of Land Conserv. & Dev., 344 Or. 457, 466-67, 184
P.3d 1109 (2008); see also id. at 465 ("Measure 49 conveys a clear
intent to extinguish and replace the benefits and procedures that
Measure 37 granted to landowners.").

On December 6, 2007, Measure 49 became effective.
Subsequently, the County planning commission determined that
Measure 49 nullified plaintiffs' Measure 37 waivers and that
without the waivers, plaintiffs' proposed subdivision could not be
approved.  Plaintiffs appealed the planning commission's decision
to the full Board of Commissioners (the Board) and also sought a
"vested rights" determination pursuant to Measure 49.[1]  After
several hearings and reviews for reconsideration, the Board
ultimately denied plaintiffs' appeal of the planning commission's
decision and plaintiffs' subdivision application.  The Board also
found that plaintiffs did not establish that they had vested rights
in the uses permitted under their Measure 37 waivers.  Plaintiffs
appealed the decision to the Oregon Land Use Board of Appeals
(LUBA), which affirmed the County's decisions.

On February 20, 2009, plaintiffs initiated the present
litigation.

---

[1]Measure 49 provided that landowners who had pursued
development to a certain degree under Measure 37 waivers could
show that they had "vested rights" in such use under common law.
See Or. Rev. Stat. § 195.305, temp § 5.

DISCUSSION

Plaintiffs contend that the County defendants' failure to honor their Measure 37 waivers constitutes an unlawful seizure and taking of their property without due process or just compensation and constitutes a breach of contract.   The County defendants move for summary judgment on all claims, and the State moves for summary judgment on plaintiffs' unlawful seizure, takings, inverse condemnation, and breach of contract claims.   In turn, plaintiffs move for summary judgment on their substantive due process, takings, and breach of contract claims.

A.   Breach of Contract Claim

Plaintiffs allege that the Measure 37 waiver between them and the County is an enforceable contract, and that the County breached that contract when it denied their permit application.   However, the Ninth Circuit recently held that Measure 37 waivers are not contracts or evidence of a contract.   <u>Citizens for Constitutional Fairness v. Jackson County</u>, 2010 WL 2836106, *1 (9th Cir. July 20, 2010).   Plaintiffs maintain that the waivers at issue in <u>Citizens</u> were materially different from those at issue in this case. However, I find no meaningful distinction for purposes of this analysis.

Like those at issue in <u>Citizens</u>, plaintiffs' Measure 37 waiver evinces no offer by the County or acceptance or consideration by plaintiffs; instead, the waiver shows only that the County chose to

waive land use restrictions instead of providing compensation pursuant to the statutory authority of Measure 37.   Benson Aff., Ex. 3, p. 1.   The County waiver also explicitly provides that a state waiver may be required, that other state laws and regulations may apply, and that other permits may be required.   Id. Ex. 3, p. 2.   In other words, the waiver placed plaintiffs on notice that they must comply with other requirements before their property could be put to the use requested; the waiver did not constitute a "promise" by the County.   Citizens, 2010 WL 2836106, *1.   Moreover, the County's actions in approving the waiver merely complied with Measure 37 and the statutory benefits and procedures created by it.

Absent a contract, plaintiffs cannot pursue a breach of contract claim.   Therefore, summary judgment is granted.

B.   Constitutional Claims

1.   Substantive Due Process

Plaintiffs also allege that the County defendants violated their substantive due process rights by failing to honor plaintiffs' Measure 37 wavier and denying their permit application. However, as plaintiffs' Measure 37 waivers do not constitute protected contract rights, plaintiffs' substantive due process claim rests on questionable grounds.   See Engquist v. Oregon Dep't of Agric., 478 F.3d 985, 996 (9th Cir. 2007), aff'd, 553 U.S. 591 (2008) ("A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property

interest protected by the Constitution.") (internal quotation marks and citation omitted).

Regardless, plaintiffs cannot show that the County defendants' actions were "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare," given the passage of Measure 49. Jackson v. Gates, 975 F.2d 648, 657 (9th Cir. 1992); see also Powell v. State, ___ Or. App. ___, 2010 WL 4629027, *6 (Nov. 17, 2010) ("Simply put, the retroactive application of Measure 49 was a rational response to the legitimate governmental concerns posed by Measure 37."). Therefore, summary judgment is granted on this claim.

### 2. Procedural Due Process

Plaintiffs next allege that the County defendants violated their rights to procedural due process when they did not allow cross-examination of those who objected to plaintiffs' subdivision application at a public hearing held in January 2008. Plaintiffs also allege that the County defendants violated plaintiffs' procedural due process rights in April 2008 when the County deemed plaintiffs' Measure 37 waivers nullified by Measure 49 and denied their subdivision application without hearing.

To the extent that the initial approval of plaintiffs' Measure 37 claim created a protected property interest, plaintiffs submit no facts to substantiate this claim, and the LUBA decision indicates that the County defendants provided plaintiffs with

7    - OPINION AND ORDER

notice and hearing on several occasions.  <u>See</u> County Defs.' Mot.
for Summary Judgment, Ex. 101, pp. 3-4; <u>Lockary v. Kayfetz</u>, 917
F.2d 1150, 1156 (9th Cir. 1990) ("Due process requires an
opportunity for notice and a hearing prior to the deprivation of a
significant property interest.") (internal quotation marks and
citation omitted).  Therefore, plaintiffs cannot survive summary
judgment on this claim.

   3.  <u>Equal Protection</u>

      Plaintiffs next allege that their rights to equal protection
under the law was violated, because the County defendants found
similar Measure 37 waivers to be valid after the passage of Measure
49.  Again, plaintiffs fail to submit any facts to support this
allegation or to show that the County defendants intentionally and
without rational basis treated them differently from similarly-
situated landowners.  <u>See</u> <u>N. Pacifica LLC v. City of Pacifica</u>, 526
F.3d 478, 486 (9th Cir. 2008) ("In order to claim a violation of
equal protection in a class of one case, the plaintiff must
establish that the City intentionally, and without rational basis,
treated the plaintiff differently from others similarly
situated."); <u>Cordi-Allen v. Conlon</u>, 494 F.3d 245, 251-52 (1st Cir.
2007) ("It is inadequate merely to point to nearby parcels in a
vacuum and leave it to the municipality to disprove conclusory
allegations that the owners of those parcels are similarly
situated.").  Therefore, this claim must fail.


8   - OPINION AND ORDER

### 4.  Unlawful Seizure, Taking, and Inverse Condemnation

Plaintiffs allege that the denial of their permit application constituted an unlawful seizure and "taking" of their property. Plaintiffs do not and cannot allege a seizure of their waivers, and they do not assert a regulatory takings claim.  See Brenizer v. Ray, 915 F. Supp. 176, 183 (C.D.  Cal. 1996); Pls.' Mem. in Response to Defs.' Mot., p. 5.  Rather, plaintiffs maintain that they have been deprived of their Measure 37 waivers and the uses allowed by them through inverse condemnation.  Inverse condemnation "is any claim against a governmental agency to recover the value of property taken by the agency although no formal exercise of the power of eminent domain has been completed by the taking agency." West Linn Corporate Park, LLC v. City of West Linn, 349 Or. 58, 64, 240 P.3d 29 (2010).

However, plaintiffs fail to cite any binding Oregon authority that grants them a constitutionally protected property interest in their Measure 37 waivers for purposes of just compensation.  See Outdoor Systems, Inc. v. City of Mesa, 997 F.2d 604, 617 (9th Cir. 1993.) ("We look to state law to determine what property rights exist and who is entitled to recover for a taking.") (internal quotation marks and citation omitted).  Moreover, I agree with defendants that the County defendants did not "take" plaintiffs' waivers; rather, the County defendants implemented Measure 49 as they were required to do.

9    - OPINION AND ORDER

Accordingly, I find no basis to support plaintiffs' unlawful seizure, taking, or inverse condemnation claims.

<u>CONCLUSION</u>

The State's Motion for Summary Judgment (doc. 15) is GRANTED, the County defendants' Motion for Summary Judgment (doc. 24) is GRANTED, and plaintiffs' Motion for Partial Summary Judgment (doc. 33) is DENIED.

IT IS SO ORDERED.

Dated this __22nd__ day of December, 2010.


_____
Ann Aiken
United States District Judge

10   - OPINION AND ORDER